IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

STEPHANIE A. CALDERON                                                                           PLAINTIFF

v.                              No. 4:13MC00005 KGB

BANK OF AMERICA CORPORATION
and BANK OF AMERICA, N.A.                                                                      DEFENDANTS

**ORDER**

This adversary proceeding is before the Court on a motion to withdraw the reference filed by defendant Bank of America, N.A. ("BANA") (Dkt. No. 2).  Plaintiff Stephanie A. Calderon has responded.  For the reasons that follow, BANA's motion is denied at this time.

Ms. Calderon filed her complaint as an adversary proceeding in the United States Bankruptcy Court for the Eastern District of Arkansas.  She amended the complaint on January 23, 2013, to name BANA as a defendant.  Ms. Calderon seeks actual damages, punitive damages, and attorney's fees under 11 U.S.C. § 362(k)(1) for alleged willful violations of the automatic stay.  BANA filed its answer, preserving its right to a jury trial, on February 26, 2013. Ms. Calderon filed a response to BANA's demand for a jury trial on March 4, 2013.  BANA sought leave from the bankruptcy court to file a reply in support of its jury demand on March 12, 2013.  BANA filed the present motion on April 4, 2013.

In its motion to withdraw the reference, BANA contends that withdrawal of the reference is mandatory under 28 U.S.C. § 157(d) because it properly seeks a jury trial and does not consent to the bankruptcy court's jurisdiction.  Local Rule 83.1(c) states that motions to withdraw a reference filed with the bankruptcy clerk shall be forwarded to the clerk of the district court for a

determination by the district court pursuant to Bankruptcy Rule 5011.  Bankruptcy Rule 5011 states that a motion for withdrawal of a case or proceeding shall be heard by a district judge.

28 U.S.C. § 157(d) governs withdrawal of the reference by the district court and includes a discretionary provision and a mandatory provision.  It provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

*Id*.

The first sentence outlines the discretionary provision; withdrawal of the reference may be accomplished "for cause shown" upon "timely motion of any party" or upon the court's own motion.  *Id*.  The second sentence outlines the mandatory provision; withdrawal of the reference is required "on timely motion of a party" if the court determines that, in order to resolve the bankruptcy case, the court would also have to consider "other laws of the United States regulating organizations or activities affecting interstate commerce."  *Id*.  BANA asserts that withdrawal of the reference is mandatory because it properly seeks a jury trial and does not consent to the bankruptcy court's jurisdiction.  The Court disagrees.

While bankruptcy judges cannot conduct jury trials unless all parties consent, 28 U.S.C. § 157(e); Fed. R. Bankr. P. 9015(b); Bankruptcy Rule 9015-1, "where, as here, the only federal law at issue is the Bankruptcy Code itself, withdrawal is generally discretionary." *In re H & W Motor Express Co.*, 343 B.R. 208, 212-13 (N.D. Iowa 2006) (quoting *Vreugdenhil v. Hoekstra*, 773 F.2d 213, 215 (8th Cir. 1985)); *accord In re Winrock Grass Farms, Inc.*, 2008 WL 350143, at *2 (E.D. Ark. Feb. 7, 2008) ("The right to a jury trial can, under certain circumstances, amount to cause under the discretionary clause of § 157(d) resulting in it being necessary for the Court to

determine if plaintiff has a right to a jury trial."). Ms. Calderon brings this action against BANA under 11 U.S.C. § 362(k)(1) for alleged willful violations of the automatic stay. For this reason, the Court will examine only the discretionary provision of 28 U.S.C. § 157(d).

To grant a motion to withdraw the reference under the discretionary provision, the Court must determine the motion was "timely" and that the party has shown "cause" for the withdrawal. *In re H & W Motor Express*, 343 B.R. at 213. BANA as the moving party bears the burden of proof on both. *Id.* Courts consider a number of factors in determining whether there is cause for withdrawing the reference. They include whether the claims asserted are core or non-core, the delay and costs to the parties, the efficient use of judicial resources, the uniformity of bankruptcy administration, the prevention of forum shopping, and the presence of a jury demand. *Id.* at 214 (collecting cases); *see also In re Bohr*, 2012 WL 601236 (W.D. Mo. Feb. 22, 2012).

The Court finds that, at this time, BANA has not carried its burden on the motion to withdraw the reference. The parties had fully briefed the jury trial issue prior to the filing of BANA's present motion, and the issue remains pending before the bankruptcy court. The bankruptcy court is able to determine whether BANA has a right to a jury trial in this adversary proceeding. *See generally In re Quarles*, 294 B.R. 729 (Bankr. E.D. Ark. 2003). In the interests of uniformity of administration and the efficient use of judicial resources, the Court declines to withdraw the reference at this time.

\* \* \*

For the foregoing reasons, BANA's motion to withdraw the reference of the adversary proceeding is denied (Dkt. No. 2). BANA's motion for order setting deadline to respond to plaintiff's discovery requests is denied as moot (Dkt. No. 4).

SO ORDERED this 2nd day of May, 2013.

_____
Kristine G. Baker
United States District Judge